### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JIMMY WAYNE SMITH,**       ) | |
|                              ) | |
| **Plaintiff,**               ) | |
|                              ) | |
| vs.                          ) | Case No. 2:09-cv-168-TMP |
|                              ) | |
| **AMERICAN MEDICAL SYSTEMS, INC.,** ) | |
| **et al.,**                  ) | |
|                              ) | |
| **Defendants.**              ) | |

### ORDER OF REMAND

The magistrate judge filed his report and recommendation, recommending the remand of this removed action, on June 2, 2009 (Doc. #19). Defendant Med Urological filed its objections to the report and recommendation (Doc. #21), together with an amended notice of removal (Doc. #20) on June 16, 2009. Plaintiff filed a reply to the amended notice of removal on June 30, 2009 (Doc. #22), asserting that the diversity-of-citizenship ground for removal in the amended notice was untimely. Finally, the magistrate judge filed a supplemental report and recommendation on August 25, 2009 (Doc. #23), still recommending the remand of this action. No further objections have been filed by either party.

Having carefully reviewed and considered *de novo* the report and recommendation as supplemented, the objections to it, and all other materials in the case file, the court finds that the report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**. The court agrees with the magistrate judge that, while defensive preemption may be an issue in this case, there is no complete preemption that will support the removal of the case. Likewise, the court agrees that this case does not fit in the "slim" category of cases subject to the authority in *Grable & Sons Metal*

*Products, Inc. v. Darue Engineering & Manufacturing, Inc.*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). Finally, the court also agrees that the assertion of diversity jurisdiction in the amended notice of removal is untimely and late, and cannot serve to support the removal over Plaintiff's objection. Accordingly, Plaintiff's motion to remand (Doc. #12) the case to the Circuit Court of Jefferson County (Bessemer Division) is **GRANTED**.

    **DONE** and **ORDERED** this \_\_\_25th\_\_\_ day of September, 2009.

                                                    **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE